Debra I. Grassgreen (CA Bar No. 169978)
Joshua M. Fried (CA Bar No. 181541)
PACHULSKI, STANG, ZIEHL, YOUNG, JONES
    & WEINTRAUB P.C.
Three Embarcadero Center, Suite 1020
San Francisco, California 94111-4023
Telephone: 415/263-7000
Facsimile: 415/263-7010

Attorneys for Fresh Choice, Inc.,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**FRESH CHOICE, INC.**,<br><br>               Debtor.<br><br>Federal Tax ID No.: 77-0130849 | Case No.: 04-54318 (ASW)<br><br>Chapter 11<br><br>**EMERGENCY EX PARTE APPLICATION FOR ORDER SHORTENING TIME AND SETTING HEARING ON DEBTOR'S EMERGENCY MOTION TO APPROVE COMMERCIAL INSURANCE PREMIUM FINANCE AND SECURITY AGREEMENT AND FOR AUTHORITY TO FINANCE PAYMENT OF INSURANCE PREMIUMS**<br><br>Date:    [To Be Set]<br>Time:   [To Be Set]<br>Place:  United States Bankruptcy Court<br>           280 South First St., Room 3099<br>           San Jose, CA<br>Judge:  Honorable Arthur S. Weissbrodt |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Fresh Choice, Inc., the debtor and debtor-in-possession herein ("Fresh Choice" or the "Debtor"), hereby submits this emergency *ex parte* application to the Court (the "Application") for an order shortening time so that an emergency hearing may be held on the Debtor's *Emergency Motion for Authority to Pay Postpetition Financing Insurance Premiums and Renewals Thereof* (the

"Motion"). Neither the Official Committee of Unsecured Creditors appointed in the Debtor's Chapter 11 case (the "Committee") nor the Debtor's secured lender oppose the Debtor's request for an expedited hearing on the Motion.

The essential facts supporting this Application are set forth below, in the Declaration of Joshua M. Fried filed in support hereof, and the Declaration of David E. Pertl in support of the Motion (the "Pertl Declaration") and filed concurrently herewith. In support of the Application, the Debtor respectfully represents as follows:

In the ordinary course of the Debtor's business, the Debtor maintains certain "packaged" insurance policies for its operations in California, Washington and Texas that provide insurance coverage for, *inter alia*, general liability, property damage, employee benefit liability, excess liability, and food-borne illness. On or about August 3, 2004, the Court authorized the Debtor to perform under that certain *Premium Financing Agreement* (the "AICCO Agreement") with AICCO, Inc. ("AICCO"), pursuant to which the Debtor financed certain insurance premium obligations with AICCO. The total amount paid to AICCO under the various insurance policies covered under the AICCO Agreement was $456,472.44. The AICCO Agreement required the Debtor to pay nine installment payments of $50,719.16 each and imposed a 5.57% finance charge. The AICCO Agreement expired on May 1, 2005.[1]

The Debtor has analyzed and reevaluated its insurance needs as well as the administrative costs of obtaining insurance coverage. Based on this analysis, the Debtor believes that the Baytree Agreement will satisfy the Debtor's insurance coverage needs, but on more favorable financial terms than the AICCO Agreement.[2] Under the Baytree Agreement, Baytree will provide the Debtor with financing for the Debtor's coverage with respect to general liability, property damage, automobile, umbrella/excess coverage and food borne illness insurance policies.

In order to maintain insurance coverage, the Debtor must make a monthly payment to Baytree on or before May 21, 2005 and requires an emergency hearing to authorize the relief

---

[1] Baytree has already provided the Debtor with interim coverage of the insurance policies set forth under the Baytree Agreement (as well as with binders representing proof of such coverage) pending entry of an order approving the Motion on or before May 21, 2005.

[2] AICCO has offered a renewal package for the 2005/2006 year on financing terms similar to those of the AICCO Agreement.

requested in the Motion to ensure that the Debtor continues to receive uninterrupted insurance coverage and to avoid substantial disruption to its business.

I.

**PROPOSED HEARING SCHEDULE**

The Debtor proposes that the Court consider the Motion on May 19, 2005 at 1:15 p.m. (the "Hearing"), which is the same date and time as the hearing on the Debtors *Motion to (A) Approve Sale of Property (Addison, Texas) Free and Clear of Liens, Claims and Interests of Others and Sales Procedures in Connection Therewith; (B) Authorize Payment of a Portion of Net Proceeds to Bank; and (C) Authorize Payment of Real Estate Broker's Commission*. The Debtor further proposes that oppositions, if any, to the Motion be filed with the Court and served upon counsel for the Debtor on or before May 16, 2005, with any response by the Debtor to be presented any time up to and including the time of Hearing. The Debtor is not currently aware of any party that plans to oppose to the relief sought in the Motion.

II.

**NOTICE**

The Debtor has already served a copy of the Motion and the Pertl Declaration on the Committee, the United States Trustee, the Debtor's twenty largest unsecured creditors, the Debtor's secured lender and those parties who have requested to receive notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, by first class mail on May 10, 2005. Immediately upon approval of this Application, the Debtor will serve notice of the date time and place of the hearing on the foregoing parties by facsimile, email or overnight mail.

**WHEREFORE**, the Debtor requests that:

1. The Court enter an order shortening time so that an emergency hearing on the Motion can be held on May 19, 2005 at 1:15 p.m.

2. The Court order that oppositions, if any, to the Motion be filed with the Court and served upon counsel for the Debtor on or before May 16, 2005.

3. The Court authorize that any response by the Debtor to any opposition to the Motion may be raised at the Hearing.

4. The Court direct the Debtor to give notice of the Hearing as set forth above.

5. The Court grants the Debtor such other and further relief as may be just and proper.

Dated: May 10, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

By  */s/ Joshua M. Fried*
Joshua M. Fried
Attorneys for Debtor and Debtor in Possession