Debra I. Grassgreen (CA Bar No. 169978)
Joshua M. Fried (CA Bar No. 181541)
PACHULSKI, STANG, ZIEHL, YOUNG, JONES
   & WEINTRAUB P.C.
Three Embarcadero Center, Suite 1020
San Francisco, California 94111-4023
Telephone: 415/263-7000
Facsimile: 415/263-7010

Attorneys for Fresh Choice, Inc.,
Debtor and Debtor in Possession

FILED

MAY 1 9 2005

CLERK
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

**FRESH CHOICE, INC.,**

Debtor.

Federal Tax ID No.: 77-0130849

Case No.: 04-54318 (ASW)

Chapter 11

**ORDER GRANTING MOTION AND APPROVING COMMERCIAL INSURANCE PREMIUM FINANCE AND SECURITY AGREEMENT AND AUTHORIZING FINANCE PAYMENT OF INSURANCE PREMIUMS**

Date:  May 19, 2005
Time:  1:15 p.m.
Place: United States Bankruptcy Court
       280 South First St., Room 3099
       San Jose, CA
Judge: Honorable Arthur S. Weissbrodt

A hearing was held on May 19, 2005 at 1:15 p.m. (the "Hearing") on the *Emergency Motion to Approve Commercial Insurance Premium Finance And Security Agreement and for Authority to Finance Payment of Insurance Premiums* (the "Motion"), filed by the above-captioned debtor and debtor in possession (the "Debtor").[1] A copy of the proposed *Commercial Insurance Premium Finance and Security Agreement* (the "Baytree Agreement") by and between the Debtor and Baytree Finance Company ("Baytree") is annexed as Exhibit A to the Motion. The Court has considered the Motion and the declaration of David E. Pertl in support of the Motion, the argument and statements

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed in the Motion.

29311-001\DOCS_SF:44455.3

ORDER GRANTING MOTION TO APPROVE COMMERCIAL INSURANCE PREMIUM FINANCE AND SECURITY AGREEMENT

of counsel made at the Hearing, and the record of the Debtor's chapter 11 case. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court finds that the relief requested in the Motion, including the Debtor's entry into the Baytree Agreement, is in the best interests of the Debtor's estate, its creditors and other parties in interest and that good cause exists to grant the Motion and authorize the transactions contemplated thereby. The Court further finds that due and sufficient notice of the Motion was provided under the circumstance. Upon deliberation and good cause appearing therefore,

**IT IS THEREFORE ORDERED THAT**:

1. The Motion is granted.

2. The Baytree Agreement is approved, except as provided in paragraph 4 of this Order. The Debtor is authorized to enter into and perform under the Baytree Agreement and consummate the transactions thereunder. The *Twelfth Interim Order Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code And Federal Rule of Bankruptcy Procedure 4001(b)* is hereby amended to authorize the Debtor to make the May and June premium finance payments due under the Baytree Agreement.

3. Pursuant to 11 U.S.C. § 364(c) and section 2 of the Baytree Agreement, Baytree is granted a first priority security interest in the Policies (as that term is defined in the Baytree Agreement), but only to the extent permitted by applicable law.

4. Notwithstanding any provision of the Baytree Agreement, in the event of any default (a "Default") by the Debtor under the Baytree Agreement, Baytree may provide ten (10) days notice (the "Ten Day Notice Period") of any such default to the Debtor, Debtor's counsel and counsel for the Official Committee of Unsecured Creditors appointed in the Debtor's chapter 11 case (the "Committee") and counsel for Mid-Peninsula Bank. If the Default is not cured within the Ten Day Notice Period, Baytree may request, upon notice to the Debtor, Debtor's counsel, counsel for Mid-Peninsula Bank and the Committee, that the Court schedule an immediate hearing to allow Baytree to exercise its rights under the Baytree Agreement.

5. The reversal or modification of this Order on appeal shall not affect the validity of the debt owed to Baytree, or the priority of the liens, as provided under 11 U.S.C. § 364(e).

Dated: May 19, 2005

_____
UNITED STATES BANKRUPTCY JUDGE